IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DEBORAH J. BARNES, individually and for all others similarly situated,** | : Civil Action |
| Plaintiff, | : |
| v. | : No. 01-CV-10395 |
| **FLEET NATIONAL BANK and FLEETBOSTON FINANCIAL CORPORATION** | : |
| Defendants. | : Class Action |

### ORDER PRELIMINARILY APPROVING SETTLEMENT AND DIRECTING NOTICE TO CLASS

The Court, having reviewed the Settlement Agreement entered into by the parties, hereby Orders that:

1. For settlement purposes only, the parties hereto agree that the following settlement class (the "Settlement Class") should be certified:

> All natural persons who held one or more "Qualified Deposit Accounts" at BankBoston, N.A. to whom Fleet sent a "Change-in-Terms Package" in March or April, 2000. A "Qualified Deposit Account" means a checking, regular passbook, statement savings, money market or NOW deposit account (but not a certificate of deposit) that was established primarily for personal, family or household purposes.

As used in the above definition of the Settlement Class, the "Change-in-Terms Package" means the communications sent in March and April 2000 by Fleet National Bank ("Fleet") to account holders in a form substantially similar to those attached to the Complaint in this action as Exhibits 1 and 2. This Change-in-Terms Package was used by Fleet to effectuate Phase 1 of the conversion of BankBoston, N.A. accounts to Fleet accounts. There is attached as Exhibit "A" to

the Settlement Agreement a map which delineates the geographic scope of Phase 1 of such conversion. It covers accounts established at the former 185 BankBoston, N.A. branches located in the following 68 towns and cities: Abington, Acton, Arlington, Ashland, Avon, Barnstable, Bedford, Belmont, Boston, Braintree, Brookline, Burlington, Cambridge, Canton, Chatham, Cohasset, Concord, Dedham, Dennis, Dover, Everett, Falmouth, Framingham, Hanover, Hingham, Holliston, Hopkinton, Kingston, Lexington, Lynnfield, Malden, Marshfield, Maynard, Medford, Medway, Melrose, Milton, Nantucket, Natick, Needham, Newton, North Reading, Norwood, Orleans, Pembroke, Plymouth, Quincy, Randolph, Revere, Scituate, Sharon, Somerville, Stoneham, Sudbury, Wakefield, Walpole, Waltham, Watertown, Wayland, Wellesley, Weston, Westwood, Weymouth, Wilmington, Winchester, Winthrop, Woburn and Yarmouth.

If the settlement is not finally approved, the Settlement Agreement, including Fleet's stipulation to certification of the Settlement Class, shall be null and void ab initio, and may not be used or relied upon by plaintiff or Fleet in this action.

2.   The Settlement Agreement entered into between the parties on April 26, 2005 appears, upon preliminary review, to be fair, reasonable and adequate to the Settlement Class. Accordingly, the proposed settlement is preliminarily approved, pending a fairness hearing as provided for herein.

3.   The Court finds the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes in that:

(a)   there are approximately one million members of the Settlement Class;

(b) the claims of the Settlement Class representative are typical of those of the other members of the Settlement Class;

(c) there are questions of fact and law that are common to all members of the Settlement Class; and

(d) the Settlement Class representative will fairly and adequately protect the interests of the Settlement Class and has retained counsel experienced in complex commercial and class action litigation who have and will continue to adequately represent the Settlement Class.

4. The Court finds this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes because (i) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (ii) questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only individual members.

5. Pursuant to Fed. R. Civ. P. 23, Deborah J. Barnes is certified as the Settlement Class representative. This Court certifies the following firms as Class Counsel: Law Office of Yvonne W. Rosmarin and Edelman, Combs & Latturner, & Goodwin, LLC.

6. The Court will hold a fairness hearing pursuant to Fed. R. Civ. P. 23(e) on November 16, 2005 at 2:30, p.m. for the following purposes:

(a) To finally determine whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);

(b) To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

(c) To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement;

(d) To consider the application of plaintiff's counsel for an award of attorneys' fees and costs, and for an incentive award to the Settlement Class representative; and

(e) To rule upon other such matters as the Court may deem appropriate.

7. <u>Notices of Settlement</u>. Fleet will mail the Mailed Notice and Claim Form, with the text as set forth in Exhibit "D" attached to the Settlement Agreement (after filling in the appropriate dates where there are now blanks) and the type size and format reasonably approximating the type size and format of Exhibit "D attached to the Settlement Agreement, it being recognized that Exhibit "D" will be converted to a multi-panel, single-sheet document, as a separate mailing to each person (or persons in the same household) who then holds a Bank of America, N.A. deposit account that was originally opened at a former BankBoston N.A. branch office covered by Phase 1 of the conversion of BankBoston, N.A. accounts to Fleet accounts. Such mailing will be made no later than August 15, 2005. If the Postal Service returns a Mailed Notice and Claim Form with a forwarding address, Fleet will re-mail the Mailed Notice and Claim Form to the forwarding address. Also, within ten (10) business days after the complete mailing of the Mailed Notice and Claim Form, Fleet will cause the Publication Notice in the form of Exhibit "C" to be published on three consecutive publication days (other than weekends) in the daily newspapers set forth on page 3 of a letter dated March 18, 2005 from Allison Kauker of SR Advertising LLC to Sue Mouck at RSM McGladrey, Inc., a copy of which is attached as Exhibit "F." Publication in the weekly newspapers listed on page 3 of Exhibit "F" shall be

completed through publication in three consecutive weeks, the first to be completed within ten (10) business days after the complete mailing of the Mailed Notice and Claim Form. It is anticipated that the Publication Notices shall appear in the main pages and shall be three columns in width using 10-point type in the body with a 20-point type headline and 13-point type for the name of the case on the second line, outlined with a black line, in the form of Exhibit C. (The Mailed Notice and Claim Form and the Publication Notice are hereinafter collectively referred to as the "Notices.")

8. The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

9. Counsel for Fleet shall file with the Court, no later than twenty (20) days before the fairness hearing, proof of mailing of the Mailed Notice and Claim Form and proof of publication of the Publication Notices.

10. Fleet is authorized to retain RSM McGladrey, Inc. as the Settlement Administrator and, pursuant to paragraph 3 of the Settlement Agreement, to pay from the Settlement Fund the fees and expenses of the Settlement Administrator as well as any other costs of printing, mailing and publishing the Notices and administering the settlement, but only to the extent provided in Paragraph 3 of the Settlement Agreement.

11. As provided in Paragraph 4 of the Settlement Agreement, each Settlement Class member who desires to receive a distribution from the fund being created by the Settlement must submit a completed and signed Claim Form or Forms to the Settlement Administrator postmarked no later than January 16, 2006.

12. As provided in the Notices, each Settlement Class member shall have the

right to exclude himself or herself from the Settlement Class by mailing a request for exclusion to the Class Counsel postmarked not later than twenty (20) days before the fairness hearing. Requests for exclusion must set forth the account holder's name, address and account number, and must be signed by any joint account holder on a qualifying account. At least 10 (ten) days prior to the fairness hearing, Class Counsel shall file with the Court a list of all persons who have timely requested exclusion from the Settlement Class.

13. As provided in the Notices, each Settlement Class member who does not timely opt out of the Settlement Class must submit any objections to the settlement in writing with the Court and each party to this lawsuit, not later than twenty (20) days before the fairness hearing, copies of which shall be served on all counsel for the parties. Failure to timely file and serve written objections will preclude a Settlement Class member from objecting at the fairness hearing.

14. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement and for an award of attorneys' fees and costs by counsel for the Settlement Class shall be filed not later than ten (10) days before the fairness hearing.

15. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

BY THE COURT

_____
Gertner, J.

Dated: 5/9/05