## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 OCT 26 P 1: 05

U.S. DISTRICT COURT
DISTRICT OF MASS.

DEBORAH J. BARNES, individually ) Class Action
and for all others similarly situated, )

Plaintiff, ) 01-cv-10395 (NG)

v. )

FLEET NATIONAL BANK and )
FLEET BOSTON FINANCIAL CORP., )

Defendants. )

## OBJECTION TO APPROVAL OF
## THE PROPOSED SETTLEMENT PURSUANT TO
## RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

### Preliminary Statement

Class Member Victoria Wolfson, by her attorney, Eric P. Finamore, Esq., hereby

submits her objection to the approval of the proposed settlement in the above-captioned

class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure.[1] In addition,

notice is hereby given to the Court and to the parties that she intends to appear and argue

at the fairness hearing scheduled for 2:30 p.m. on November 16, 2005.

### Procedural History
### And Context of the Settlement Negotiations

The present action was commenced on March 7, 2001. Causes of action relied

upon the Truth in Savings Act ("TISA") and the Consumer Protection Act, M.G.L. c.

93A, § 2 ("93A").

_____

[1] Class Member Victoria Wolfson received, by first-class mail, a Class Action Settlement
Notice in the above-captioned action.

On November 27, 2002, the Court granted summary judgment to defendants and denied summary judgment to plaintiff. Dckt. No. 61.[2] The Court of Appeals reversed and remanded. *Barnes v. Fleet Nat'l Bank, N.A.*, 370 F.3d 164 (1st Cir. 2004). The Court of Appeals concluded:

> we hold that Fleet violated the requirements of TISA and is therefore liable to Barnes pursuant to 12 U.S.C. § 4310 and Mass.Gen. Laws ch. 93A, § 2. Therefore, we VACATE the judgment of the district court, direct entry of judgment for Barnes on the TISA and Chapter 93A claims, and REMAND for further proceedings to determine statutory damages and address Barnes's previously stayed motion for class certification.

*Barnes v. Fleet Nat'l Bank, N.A.*, 370 F.3d at 176.

The case was reopened in the District Court on November 12, 2004. That same day, the Court referred the parties to ADR. Dckt. No. 74. On January 10, 2005, Magistrate Judge Dein reported that the case had settled. Dckt. No. 78.

## Outline of the Objection

The mandate from the Court of Appeals disposed of the issue of liability. The only issues remaining have to do, as stated by the Court of Appeals, with whether the class is certifiable pursuant to Rule 23 (an issue not previously decided by the District Court) and damages. Pursuant to the Court of Appeals' disposition, the named plaintiff is already entitled to $ 25 pursuant to 93A. The calculation changes upon certification: "[i]n a class action where the statutory award of twenty-five dollars applies, the court multiplies the award by the number of class members." *Barnes v. Fleet Nat'l Bank, N.A.*, 370 F.3d at 171 (citing *Leardi v. Brown*, 394 Mass. 151, 163-64 [1985]). The present class consists of those who held Qualified Deposit Accounts at BankBoston in or around

---

[2]References in this form are to the document numbers set forth on the docket for this action.

2

April, 2000, and who received notices at that time regarding changes in the terms of their accounts in connection with the merger between BankBoston and Fleet. Class Notice at 1.[3] The class consists of approximately one million of defendants' customers.[4] Thus, the statutory damages implied by the Court of Appeals (if certification was found to be appropriate) are roughly $ 25 million.[5]

The proposed settlement provides for a single fund of $12.5 million from which both class members and class counsel are to be compensated. Class Notice at 2. The proposed settlement further provides that class counsel's compensation is to be $ 3.125 million, plus "reasonable expenses and costs." Class Notice at 2. Thus, the fund from which each class member is to receive a "pro rata" share is no more than $ 9.375 million. Class Notice at 2. Since both TISA and the Consumer Protection Act provide for attorneys' fees in addition to compensation to the plaintiffs,[6] the resulting value of the

---

[3] References in this form are to the Class Action Settlement Notice and Claim form provided to members of the class by first-class mail.

[4] As the Court of Appeals noted, "more than one million BankBoston customers" received notices similar to those upon which the named plaintiff relied. *Barnes v. Fleet Nat'l Bank, N.A.*, 370 F.3d at 166, n. 1.

[5] The quantum of damages is actually higher than the number of those receiving notices multiplied by $ 25 if – as class counsel presently argue – statutory damages under the Consumer Protection Act should be awarded "for each Qualified Deposit Account" held by each class member. Class Notice at 2. No estimate of the number or percentage of class members who held Qualified Deposit Accounts has been provided to class members by the parties, but there are assuredly some. In addition, TISA damages are capped at $ 500,000. *Barnes v. Fleet Nat'l Bank, N.A.*, 370 F.3d at 171, n. 11.

[6] The Court of Appeals not only explicitly noted this, but itself awarded attorneys' fees. Dckt. No. 67.

3

proposed settlement to the class is no more than 37.5% of the quantum of the statutory

recovery provided by the 93A and recognized by the Court of Appeals.[7]

Alternatively stated, the proposed settlement represents a savings to defendants of

approximately $ 16 million.

Class counsel, after having succeeded admirably in the Court of Appeals, have

sold the class short in exchange for an immediate and assured payment of more than $ 3

million. This is the basis of the objection.

As demonstrated by the authorities set forth below, the proposed settlement (i)

fails to meet the required standard of being fair, reasonable and adequate for members of

the class, and (ii) ought not to be approved because of excessive attorneys' fees.

## **ARGUMENT**

### Point I

### THE PROPOSED SETTLEMENT SHOULD NOT
### BE APPROVED BECAUSE IT IS NOT FAIR,
### REASONABLE AND ADEQUATE.

Rule 23(e) provides that "A class action shall not be dismissed or compromised

without the approval of the court." The parties seek such approval here. In order to

achieve it, the proposed settlement must be "fair, reasonable and adequate." *In re*

*General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785 (3d

Cir. 1995)("*GM Trucks*"). *See also Duhaime v. John Hancock Mut. Life Ins. Co.*, 183

F.3d 1, 8 (D.Mass. 1999)(citing to *GM Trucks*, 55 F.3d at 804-19). The Settlement

Agreement in this case fails to meet that standard.

---

[7]Indeed, it could be as low as 1/3 of the statutory damages (if, *e.g.*, there are exactly one
million class members, ten percent of whom have two Qualified Deposit Accounts and
the expenses and costs due to class counsel are slightly over $200,000).

The appropriate factors for the determination of whether a proposed settlement is

fair, reasonable and adequate are set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir.

1975):

> (1) the complexity, expense and likely duration of the litigation . . . ; (2) the
> reaction of the class to the settlement . . . ; (3) the stage of the proceedings and the
> amount of discovery completed . . . ; (4) the risks of establishing liability . . . ; (5)
> the risks of establishing damages . . . ; (6) the risks of maintaining the class action
> through trial . . . ; (7) the ability of the defendants to withstand a greater judgment
> . . . ; (8) the range of reasonableness of the settlement fund in light of the best
> possible recovery . . . ; (9) the range of reasonableness of the settlement fund to a
> possible recovery in light of all the attendant risks of litigation . . .

*See also City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974)(setting forth

a similar set of factors).

In the present circumstances, the substantial weight of the fourth of these factors –

the risks of establishing liability – weighs squarely and heavily against selling short the

members of the class: liability has been definitively determined to exist by the Court of

Appeals and the attendant risks of establishing it are nonexistent.

The risks, moreover, of establishing damages – the fifth factor – have been

substantially reduced, if not eliminated, by the Court of Appeals. In addition to the

mandate set forth above, the Court of Appeals provided the following firm guidance:

> In a class action, TISA caps statutory damages at the lesser of $ 500,000 or one
> percent of the net worth of the depository institution. 12 U.S.C. § 4310(a)(2)(B)
> (ii)(repealed 2001). Under Chapter 93A, damages in an individual action are
> "actual damages or twenty-five dollars, whichever is greater." Mass.Gen.L. ch.
> 93A, § 9(3). In a class action where the statutory award of twenty-five dollars
> applies, the court multiplies the award by the number of class members. *See*
> *Leardi v. Brown*, 394 Mass. 151, 163-64, 474 N.E.2d 1094 (1985). Finally, both
> TISA and Chapter 93A also provide for the award of a reasonable attorney's fee.
> 12 U.S.C. § 4310(a)(3)(repealed 2001); Mass.Gen.L. ch. 93A, § 9(4).

*Barnes v. Fleet Nat'l Bank, N.A.*, 370 F.3d at 171, n. 11.

In these circumstances, the "risks" of establishing damages approach the vanishing point.

With liability established and damages firmly bounded, only the final three factors are, at this point, significant.

The first, of these, whether the defendants are capable of withstanding a greater judgment than the settlement amount, is clearly answered in the affirmative. The defendants form one of the major banking institutions in the United States, and a judgment that is many times the settlement amount could be easily withstood.

On the other hand, the present settlement amount falls far short of the best possible recovery. Assuming a $ 25 million fund for class members pursuant to the Consumer Protection Act (with exactly one million members and assuming, further, that no such class members are to be allotted a double recovery), the TISA statutory damages of $ 500,000 and attorneys' fees of $ 3.125 million sum to $ 28.625 million – 230 % of the present, overall settlement value. This factor strongly argues for rejecting the settlement.

The final factor, which globally assesses remaining litigation risks, also argues for rejecting the proposed settlement. No liability risks remain. The only issues are damages and class certification. There is no hint of a problem with certification in the present circumstances. The only "problems" presented by the establishment of damages are chimerical: the Court of Appeals has spoken clearly that both TISA and the Consumer Protection Act have been violated, and has provided strong guidance in assessing damages to the class.

In light of the foregoing, there is no doubt that the present proposed settlement should be rejected.

## Point II

### THE ATTORNEYS' FEES PROVIDED IN THE PROPOSED SETTLEMENT ARE EXCESSIVE, REQUIRING THE COURT'S DISAPPROVAL.

In the present circumstances, where each dollar paid to the attorneys is taken from

the class members' (already) reduced recovery, the proposed settlement should be

rejected.

The governing standards for an award of attorneys' fees under 93A, the principal

governing statute in this case, are set forth in *Fontaine v. Ebtec Corp.*, 415 Mass. 309

(1993). Earlier this month, the Massachusetts Appeals Court capsulized the rules set

forth in *Fontaine*:

> [t]he Supreme Judicial Court has indicated that the "basic measure" of a
> reasonable statutory attorney's fee award is the lodestar method, which involves
> "multiplying the number of hours reasonably spent on the case [by] a reasonable
> hourly rate." *Fontaine v. Ebtec Corp.*, 415 Mass. at 324. The lodestar method
> should govern in such cases "unless there are special reasons to depart from [it]."
> *Id.* at 325. The court further indicated in *Fontaine*, a contingent fee case, that, "in
> limited circumstances, [such] awards may be enhanced for the risk of
> nonpayment." *Id.* at 324.

*Siegel v. Berkshire Life Ins. Co.*, 2005 Mass.App.LEXIS 934 at *16 - *17 (Mass.App.Ct.

October 6, 2005)(footnote omitted).

No "special reasons" exist here to depart from the basic lodestar approach.

Indeed, even when attorneys' fees for class actions are awarded under 93A, no multiplier

in excess of the basic lodestar measure is appropriate:

> plaintiff's counsel ask this Court to multiply any award by a a factor of 2 to 2.5.
> This the Court declines to do. As the Supreme Judicial Court stated in *Fontaine
> v. Ebtec Corp., supra,* such a fee enhancement should be made only in very
> limited circumstances. Although the risk of nonpayment in this case was
> certainly present (as it is in most litigation) this case did not, in this Court's view,
> involve any novel issues of law nor does it implicate the public interest. At stake
> was compensation for a group of independent brokers working on a commission

7

> basis for an insurance company. That the defendants were corporations and the
> plaintiffs individuals does not convert this litigation into one with implications
> beyond the interests of those who are parties to this case.

*Eldridge v. Provident Companies, Inc.*, 18 Mass.L.Rptr. 18, 2004 WL 1690382 at 9

(Sup.Ct., Worcester Cty. 2004).

In the present case, there is no continuing public interest that will be served by the

favorable results achieved by class counsel. The legal issues were ones of statutory

construction. Therefore, no multiplier is justified in this case under the rule of *Fontaine*

*v. Ebtec*.

The lodestar figure in the present case has not been provided, but it assuredly does

not sum to $ 3,125,000.00. The entire case consists of two chief events: the papers for

summary judgment and the presentation to the Court of Appeals. Indeed, when the case

was reopened on November 12, 2004, it was immediately referred to ADR mediation

before Magistrate Judge Dein, which was set for December 10, 2004. Defendants moved

for a continuance on the grounds that

> "Fleet's representative with knowledge of this case and full settlement authority is
> out of the country [on December 10, 2004] and will not return until shortly before
> the Christmas holiday. In addition, lead counsel for Fleet has several scheduling
> conflicts in December and January, including a trial in Massachusetts and an
> arbitration in New York."

Motion to Continue, Dckt.No. 76, Nov. 23, 2004, ¶ 2.

Nonetheless, in the period (no more than three weeks) from the time the defendants'

representative became available – encompassing two federal holidays (Christmas and

New Year's), and while counsel was preparing for an imminent trial and an imminent

arbitration – the parties' settled the case.

The dispatch (and apparent ease) with which the proposed settlement was reached do not, in themselves, suggest any collusion on the part of counsel to the parties in disposing of the case in a way favorable to them and the defendants at the expense of the claims of the class members. A confluence of interests, including the interests of class counsel, to be paid at a rate far in excess of the lodestar figure authorized by 93A and governing decisional authority, nonetheless, is undeniable.

In these circumstances, the Court should disapprove of the proposed settlement as providing excessive attorneys' fees.

## Conclusion

For all of the reasons set forth above, and for such reasons as may be set forth by other objections to the proposed settlement insofar as such objections are not inconsistent with the foregoing, class member and objector Victoria Wolfson respectfully requests that the proposed settlement not be approved and for such other and further relief as to the Court seems just.

Respectfully submitted, Class Member and Objector
Victoria Wolfson, by her Attorney,

Eric P. Finamore, Mass. BBO 541872
WESTON, PATRICK, WILLARD & REDDING
84 State Street
Boston, MA 02109
(617) 742 – 9310

Dated:          Boston, Massachusetts
                October 26, 2005

9

## Certificate of Service

I hereby certify under the penalties of perjury that I have served a copy of the foregoing document upon all parties by mailing a copy of same to their counsel of record, as set forth below, on October $2-6$, 2005.

Yvonne W. Rosmarin, Esq.
Law Office of Yvonne W. Rosmarin
58 Medford Street
Arlington, MA 02474

Joseph L. Kociubes, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

Daniel A. Edelman, Esq.
Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle Street, 18th Floor
Chicago, IL 60603

Eric P. Finamore, Mass. BBO 541872