UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
DEBORAH J. BARNES, individually      )    Class Action
and for all others similarly situated, )
                                      )
              Plaintiff,              )    01-cv-10395 (NG)
                                      )
       v.                             )
                                      )
FLEET NATIONAL BANK and               )
FLEET BOSTON FINANCIAL CORP.,         )
                                      )
              Defendants.             )
                                      )
```

## OBJECTION TO APPROVAL OF
## THE PROPOSED CLASS-ACTION SETTLEMENT

### Preliminary Statement

Class Member David Miller hereby submits his objection to the approval of the proposed settlement in the above-captioned class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure.[1] In addition, notice is hereby given to the Court and to the parties that he intends to appear and argue at the fairness hearing scheduled for 2:30 p.m. on November 16, 2005.

### Procedural History

The present action is based upon upon the Truth in Savings Act ("TISA") and the Consumer Protection Act, M.G.L. c. 93A, § 2 ("93A").

Prior to deciding upon the certifiability of the proposed class, the District Court granted summary judgment to defendants and denied summary judgment to plaintiff.

---

[1] Class Member David Miller received, by first-class mail, a Class Action Settlement Notice in the above-captioned action.

Dckt. No. 61.[2] The Court of Appeals reversed and remanded, finding violations of both TISA and 93A requiring judgment for plaintiff. *Barnes v. Fleet Nat'l Bank, N.A.*, 370 F.3d 164 (1st Cir. 2004). In a separate Order, not included in the Court of Appeals' published opinion, the Court of Appeals granted an application for attorneys' fees and referred determination of such fees to the District Court. Dckt. No. 67.

Without making any attempt to follow the Court of Appeals' direction before this Court, the parties entered into a proposed settlement agreement providing for attorneys' fees in an amount substantially greater than could be obtained pursuant to the award of attorneys' fees. The proposed settlement further provides that such attorneys' fees are to be taken from a settlement fund that – even without subtracting attorneys' fees, disbursements, and costs – is, at the most, less than half of the amount of statutory damages.

## ARGUMENT

### Point I

#### THE COURT SHOULD DISAPPROVE OF THE PROPOSED SETTLEMENT BECAUSE THE ATTORNEYS' FEES ARE EXCESSIVE.

In the present circumstances, where each dollar paid to the attorneys is taken from the class members' (already) reduced recovery, the proposed settlement should be rejected.

The governing standards for an award of attorneys' fees under 93A, the principal governing statute in this case, are set forth in *Fontaine v. Ebtec Corp.*, 415 Mass. 309 (1993). The lodestar approach (reasonable hourly rate multiplied by the number of hours

---

[2] References in this form are to the document numbers set forth on the docket for this action.

2

expended) is the basic approach, to be departed from only when "there are special reasons" to include a further enhancement. *Fontaine v. Ebtec Corp.*, 415 Mass. at 324.

No "special reasons" exist here to depart from the basic lodestar approach. There is no continuing public interest that will be protected by the favorable results obtained here, and the legal issues of statutory construction were garden-variety ones.

Moreover, there is reason to believe that class counsel is not sufficiently prosecuting its fiduciary obligations to the class. Plaintiffs' counsel has failed to make application to this Court for the attorneys' fees that were awarded by the Court of Appeals. *See* the Order of the Court of Appeals (Dckt. No. 67 in this Court): "Plaintiff/Appellant's Application for Attorneys' Fees is granted. The matter is remanded to the district court." The Court of Appeals' reference to the 93A provision for attorneys' fees (*Barnes v. Fleet Nat'l Bank, N.A.*, 370 F.3d at 171, n. 11) was not merely informational: it was direct guidance on remand. Moreover, "[t]he award of fees under [93A] belongs to the prevailing party, not the attorney." *Siegel v. Berkshire Life Ins. Co.*, 2005 Mass.App.LEXIS 934 at *14. There is no reason (other than the provision for a greater fee under the proposed settlement than could possibly be awarded pursuant to 93A) for plaintiffs' counsel's failure to seek the attorneys' fees from this Court (as directed by the Court of Appeals), since they belong *to the client*.

In these circumstances, the Court should disapprove of the proposed settlement as providing excessive attorneys' fees.

Point II

THE PROPOSED SETTLEMENT SHOULD BE
REJECTED BECAUSE THE FAILURE TO PURSUE
ATTORNEYS' FEES RENDERS THE PROPOSED
SETTLEMENT DEFICIENT IN OTHER RESPECTS, AND
FOR SUCH OTHER OBJECTIONS AS MIGHT BE MADE.

The foregoing shows that the attorneys' fees – for want of prosecution pursuant to the Order of the Court of Appeals – are excessive. The failure to seek such fees renders the proposed settlement deficient under various other standard tests pursuant to Rule 23.

In the first instance, the failure to seek such fees demonstrates that the proposed settlement is not fair, reasonable and adequate. *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *Duhaime v. John Hancock Mut. Life Ins. Co.*, 183 F.3d 1, 8 (D.Mass. 1999). Attorneys' fees should be added to rather than subtracted from the sum provided for distribution to class members.

Second, the failure to seek attorneys' fees means that the present class representative does not sufficiently represent the interests of absent class members. The proposed settlement provides for an incentive award to the named plaintiff that is far in excess of the awards to absent class members, so that the named plaintiff had no incentive (and no apparent reason) to urge class counsel to pursue attorneys' fees pursuant to the Court of Appeals' Order.

Third, the failure to seek attorneys' fees by class counsel – in an amount that would undoubtedly be far less than that provided for in the proposed settlement agreement – negates the requirement for class counsel to itself be adequate to its obligations in prosecuting the litigation to the benefit of all class members – named and unnamed.

4

In addition to the foregoing related deficiencies, class member and objector David Miller also joins in and incorporates by reference all other objections, not stated herein and presented to the Court, insofar as they are not inconsistent with the foregoing arguments.

## Conclusion

For all of the foregoing reasons, class member and objector David Miller respectfully requests that the proposed settlement not be approved and for such other and further relief as to the Court seems just.

Respectfully submitted,

*David Miller*
David Miller

25 Elm Place, # 2
Somerville, MA  02143
(617) 623 - 5154

Dated:      Boston, Massachusetts
            October 25, 2005

## Certificate of Service

I hereby certify under the penalties of perjury that I have served a copy of the foregoing document, by first-class mail, postage prepaid, upon the counsel of record, as set forth below, on October 26, 2005.

Yvonne W. Rosmarin, Esq.  
Law Office of Yvonne W. Rosmarin  
58 Medford Street  
Arlington, MA  02474

Joseph L. Kociubes, Esq.  
Bingham McCutchen LLP  
150 Federal Street  
Boston, MA  02110

Daniel A. Edelman, Esq.  
Edelman, Combs, Latturner & Goodwin, LLC  
120 South LaSalle Street, 18th Floor  
Chicago, IL  60603

_David Miller_  
David Miller