IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH J. BARNES, individually and for all others similarly situated, | : Civil Action |
| Plaintiff, | |
| v. | : No. 01-10395-NG |
| FLEET NATIONAL BANK and FLEETBOSTON FINANCIAL CORPORATION | |
| Defendants. | : Class Action |

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

This matter, having come before the Court on plaintiff's Motion for Final Approval of the proposed class action settlement with Fleet National Bank ("Fleet"); the Court having considered all papers filed and arguments made with respect to the settlement, and having provisionally certified, by Order dated May 9, 2005, a settlement class; the Court having approved all aspects of the settlement (with the exception of the *cy pres* provision) in a Memorandum and Order Approving Class Action Settlement dated December 22, 2005 after a hearing held on November 16, 2005; the Court (Honorable Rya W. Zobel presiding) having approved the *cy pres* provision in an Order dated May 23, 2006 after a hearing held on March 15, 2006; and the Court, being fully advised in the premises, finds that:

1. This action satisfies the applicable prerequisites for class action treatment under Fed.R.Civ.P. 23(a) and (b). The class as defined in the Settlement Agreement (the "Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claims of the Class Representative are typical of the claims of the

Settlement Class, and the Class Representative will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2. Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, dated May 9, 2005, and such Notice by mail and publication has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

3. The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties before a third-party mediator, Magistrate Judge Judith Dein, and is supported by the Class Representative.

4. The settlement as set forth in the Settlement Agreement is fair, reasonable and adequate to the members of the Settlement Class in light of the complexity, expense and duration of litigation and the substantial risks involved in establishing damages and in maintaining the class action through trial and appeal.

5. Payment of the $12.5 million provided under the Settlement constitutes fair value given in exchange for the releases of the Settled Claims against the Released Parties, as those terms are defined below.

6. Class Counsel are awarded attorneys' fees of 25% of $12.5 million ($3.125 million), plus their out of pocket expenses, and the Class Representative is awarded an incentive award of $3,000.

7. The persons listed on Exhibit A hereto have validly excluded themselves from the Settlement Class in accordance with the provisions of the Preliminary Approval Order.

8. The parties and each Settlement Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement, or out of the administration of the Settlement.

9. It is in the best interests of the parties and the Settlement Class members and consistent with principles of judicial economy that any dispute between any Settlement Class member (including any dispute as to whether any person is a Settlement Class member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order of Dismissal should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

A. This action is finally certified as a class action against Fleet on behalf of a Class defined as follows:

> All natural persons who held one or more "Qualified Deposit Accounts" at BankBoston, N.A. to whom Fleet sent a "Change-in-Terms" package in March or April, 2000. A "Qualified Deposit Account" means a checking, regular passbook, statement savings, money market or NOW deposit account (but not a certificate of deposit) that was established primarily for personal, family or household purposes.

B. The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Settlement Class, and the parties are directed to consummate the Settlement Agreement in accordance with its terms.

C. This action is hereby dismissed on the merits, with prejudice and without costs.

D. For purposes of this Final Judgment and Order of Dismissal:

(i) "Change-in-Terms Package" means communications sent in March or April 2000 by Fleet to account holders in the form substantially similar to those attached to the Complaint in this action as Exhibits 1 and 2.

(ii) "Settled Claims" means any and all actual and potential claims, actions, lawsuits, and causes of action, known or unknown, that plaintiff asserted or could have asserted in the Lawsuit pertaining or relating to the Change-in-Terms Package.

(iii) "Released Parties" means Fleet National Bank and Bank of America Corporation and their respective parents, affiliates, subsidiaries, divisions, predecessors, successors, representatives, assignees, present and former officers, directors, employees, shareholders, representatives, insurers, attorneys and agents.

E. The Settled Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Final Judgment and Order of Dismissal.

F. Settlement Class members and their heirs, executors, administrators, successors and assigns are hereby permanently barred and enjoined from instituting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, any Settled Claim against any of the Released Parties in any forum.

G. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains

exclusive jurisdiction of, and Fleet and each member of the Settlement Class are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for, any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Settlement Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

BY THE COURT

_____
Gertner J.

Dated June 14, 2006

# EXHIBIT A - List of Persons Excluded from Settlement

| Last Name | First Name | No. of Claims |
|---|---|---|
| Aisenberg | Anne | |
| Akagi | Martha R | |
| Ambridge | Julia | |
| Ando | Koichi | |
| Arbo | Sharon M | |
| Bailey Familty Trust | | |
| Breen or John J Breen | Jane Louise | |
| Chadburn | Nancy L | |
| Charles & Lisa Marie Ferraro | Matthew | |
| Chocron | Dr. Ing. Maurico | |
| Chung | Elaine | |
| Connors | Mary P | |
| Curtin | Anne M | |
| Daland & Virginia Daland | Roger A | 2 |
| DE Oliveira | Carlos AP | |
| DiRoberto | Michelena A | |
| Ford | Arthur H | |
| Ford | Arthur H | |
| Ford | Arthur H | |
| Gardella | Janet | |
| Gordon, Sr | Charles M | |
| Harsch | Mary R | |
| Haynes Investment Trust | | |
| Hennessey | Lila B | |
| Hinds | Masalene M | |
| Kaper & Renu Kapar | Kumer Basent | |
| Karni & Hagit Karni | Eyal | |
| Kermanshahi & Poneh Shoamanesh | Jalleh | 3 |
| Kim | Sin Soon | 2 |
| Kim | Sung Ju | 2 |
| Kim | Won Ju | 2 |
| Kingston | Mary R | |
| Kountze & Elizabeth Scott | Claretta | |
| Kraus & Shirley H Kraus | Edward M | |
| Lechthaler & Carol L Hills | Florence B | |
| Lombardo | Marian | |
| Lovell | Sarah | |
| Maggioli | Audrey A | |
| McGrillen | Barbara | |
| Mercer | Shannon E | |
| Merullo | Patricia A | |
| Morris | Kirk N | |
| Morrison | Peggy Ann R. | |
| Munroe | Gladys F | |
| Murphy | Marta | |
| Murphy | John | |
| Nugent & Joan M Nugent | Edward T | |
| Pashoian or Lori M Arsenault | Florence K | 2 |

| | | |
|---|---|---|
| Phermpoonpanich | Wanapa | |
| Pinzone | Joseph J | |
| Pliakas | Gene A | |
| Plourde | Michelle C | |
| Post | Letteria C | |
| Rennie | Lynne | |
| Rice | Joan F | |
| Rice | Virginia A | 2 |
| Riska by Tefta Riska, POA | Olga | |
| Roache & Islyn C Sprott | Janelle | |
| Rockett | Irene | |
| Roos & Michael Roos | Karen | |
| Routhier | Norman R | 2 |
| Saltiel | Philippe | |
| Salvitti | Tina M | |
| Sammett Charitable Trust-V Sammett POA | Alice M | |
| Sanders | Lucy Neal | |
| Sargent, ttee, Sargent Family Trust | Ray M | 3 |
| Sava & Juliana M Sava | MaryAnn F | |
| Sawtell | William D | 2 |
| Scapicchio | Sharon | |
| Seaberg | Juliet | |
| Sedyaningsih | Endang R | |
| Shaffer & Catherine A Shaffer | Robert | |
| Shelton | June M | |
| Shelton, ttee - John Wayne Shelton | June M | |
| Shlifer | Ruth K | |
| Shodgrass | Ann | |
| Silen & William Silen | Ruth K | |
| Sisters of Charity Nazareth, KY | | |
| Spannagel & Elke Spannagel | Dr. Gert | |
| Stanley | Lawrence E | |
| Stanojev & Beth Stanojev | Nick | 2 |
| Stapleton | Debora | |
| Stockton | Mary A | |
| Summerley | Gloria | |
| Summerley | Gloria | |
| Sweeney | Jean E | 2 |
| Sweeney | Mary E. | 3 |
| Tanaka | Yuko | |
| Tassinarl & Patricia Smith, Exec | Vincent F | |
| Tassinarl & Patricia Smith, Exec | Vincent F | |
| Thomas | Charlotte G | |
| Thomas | Marie-Eve C | |
| Tibbetts and Frank Tibbetts | G Patricia | 2 |
| Uchima & Irene Muchima | Thomas | |
| Vall & Judit I Naves | Joseph M | |
| Wall | Susan P | |
| Walsh or John T Walsh | Joseph Edward | 2 |
| Walsh or John T Walsh | John Thomas | 2 |
| Welch and Richard Welch | Lorraine M | |
| Williams | Janet P | |

| | |
|---|---|
| Yamagata | Hiroo |
| Youssef | Theresa |
| Yu | Milton |
| Yu and Lesi Song | See Tung |
| Zamagui | Lisa |
| Zeman | Leos |
| Zimmer | Victoria M |
| Zogbi & Jaqueline Zogbi | Robert |