## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **DEBORAH J. BARNES, individually** | ) | **Civil Action** |
| **And for all others similarly situated,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 01-CV-10395 NG** |
| | ) | |
| **FLEET NATIONAL BANK and** | ) | |
| **FLEETBOSTON FINANCIAL CORP.,** | ) | |
| **Defendants.** | ) | **Class Action** |
| | ) | |
| | ) | |

### OBJECTOR FELDMAN'S OPPOSITION TO MOTION
### TO REQUIRE OBJECTOR TO POST APPEAL BOND

Class Member and Objector Nancy Feldman hereby opposes Plaintiff's motion to require her to post an appeal bond. Plaintiff failed to comply with the local rules of this Court prior to filing her motion. Moreover, the amount of the requested bond far exceeds what is permissible under FRAP 7, and the First Circuit has recently indicated that such a bond is impermissible in a class action case presenting similar issues. The motion to require a bond must be denied.

**I.      Plaintiff Has Failed To Comply With Local Rule 7.1.**

Local Rule 7.1 provides that "no motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Nowhere in Plaintiff's Motion to Require Objector Feldman To Post Appeal Bond does Plaintiff certify that any such conference took place, nor did Plaintiff's counsel contact Appellant's counsel prior to filing the motion. This alone requires that the motion be stricken, and that Plaintiff be enjoined from filing any further such motion until such time as compliance with Rule 7.1 has occurred and counsel so certifies.

The conferral requirement of Local Rule 7.1 would not be a futile exercise in these circumstances.  There are several ways in which the parties could cooperate in an attempt to minimize the delay occasioned by an appeal.  For example, the parties could file a joint motion for an expedited appeal in the Court of Appeals.  In the alternative, Plaintiff could file a motion for summary dismissal with the Court of Appeals.  Presumably, if this appeal were so patently frivolous as to justify sanctions at its conclusion, it would also be appropriate to summarily dismiss it before it was briefed.

Instead, Plaintiff has proceeded in a way almost guaranteed to *increase* appellate delay and create a multiplicity of appeals, should the motion be granted (see below).  In any event, this Court has never excused noncompliance with Local Rule 7.1 based upon a movant's unsupported assertion that conferral would prove fruitless.  If it did, the exception would quickly swallow the rule, and every movant would allege that there is no room for compromise or narrowing of the issues.  Plaintiff has not offered any excuse for noncompliance or demonstrated any awareness of Local Rule 7.1's requirements.

The court should strike Plaintiff's Motion to Require Objector Feldman To Post Appeal Bond for noncompliance with Local Rule 7.1.

## II.     The First Circuit Has Recently Indicated That A Bond In An Amount Far Less Than That Requested Here Is Improper.

In a recent appeal of the approval of a class action settlement to the First Circuit, the Court of Appeals indicated that a bond in the amount of $110,000 was likely excessive and impermissible under FRAP 7.

In <u>Direct Purchaser v. Smithkline</u>, Appeal No. 05-2846, several objectors filed appeals from a $75 million cash settlement of a class action for antitrust violations.  The plaintiff moved for imposition of a $110,700 appeal bond, which the district court

granted.  The objectors then filed appeals from the bond order.  The plaintiff asked the

Court of Appeals to enter an order requiring the objectors to pay the amount of the bond

as a condition for appealing.  The Court of Appeals refused, and held as follows:

```
05-2846  Direct Purchaser, et al v. Smithkline, et al

4/14/06   ORDER entered by Senior Judge Conrad K. Cyr, Judge Jeffrey
          R. Howard: Five objectors to the district court's approval
          of the settlement in this nationwide consumer class action
          have appealed from the district court's order approving the
          settlement (Nos. 05-2846, 05-2847) and from its order
          requiring them to post an appeal bond in the amount of
          $110,700 (Nos. 06-1271, 06-1272). The district court has
          stayed the latter order pending appeal. The appellees have
          filed two motions in connection with those appeals. The
          first motion is to summarily dismiss Nos. 05-2846, 05-2847
          for lack of standing. The theory behind that motion is that
          because the objectors did not file timely or complete
          claims, they will not receive any money from the settlement
          fund even if they ultimately prevail on their appeals.
          Therefore, appellees argue, the objectors fail to meet the
          "redressability" requirement of standing. See Bennett v.
          Spear, 520 U.S. 154, 167 (1997). Assuming the truth of
          appellees' allegations concerning the lateness,
          incompleteness, or nonexistence of the objectors' claims,
          it does not necessarily follow that their objections to the
          agreement are not redressable and that they therefore have
          no stake in the outcome of their appeals. We decline to
          grant summary dismissal on that basis on the papers filed
          to date. Similarly, to the extent that appellee's motion to
          dismiss is alternatively based on the lack of merit of the
          objectors' objections to the settlement agreement, their
          conclusory contentions to that effect are an insufficient
          basis to summarily dismiss the objectors' appeals without
          further briefing. See United States v. Zannino, 895 F.2d 1,
          17 (1st Cir. 1990). The second motion asks this court to
          lift the district court's order staying its earlier order
          requiring the objectors to post an appeal bond in the
          amount of $110,700 and permitting them to pay $700 to the
          district court clerk instead. Although we may be persuaded
          otherwise after further briefing, we believe that the
          objectors are likely to prevail, at least in part, on their
          appeal from the $110,700 bond requirement. Accordingly, we
          deny the motion to dissolve the stay of that requirement.
          Appellees' motions for summary dismissal and to dissolve
          the stay of objectors' obligation to post a $110,700 bond
          are denied. The Clerk is directed to issue briefing
          schedule(s) in case Nos. 05-2846, 05-2847, 06-1271, and
          06-1272 forthwith. [05-2846, 06-1271, 06-1272] in 05-2846
          in 05-2846 (debb) [05-2846 06-1271 06-1272]
```

In Direct Purchasers, Plaintiff asked only for an amount sufficient to cover its anticipated

attorney's fees plus the anticipated costs of the class administrator during the pendency

of the appeal.  Plaintiff did not ask for the utterly unjustified "interest" damages requested here.  Nevertheless, the First Circuit held that "the objectors are likely to prevail, at least in part, on their appeal from the $110,700 bond requirement."

Like the Plaintiffs in Direct Purchasers, the Plaintiff's allegations in support of a bond in this case are wholly conclusory and unsupported.  "Certainly the groundless appeal filed by Feldman/Pentz is unreasonable, harassing and annoying to the class members, the courts and the parties."  Memo at p. 3.  Nothing more is provided to support this naked assertion, beyond the fact that the standard of review on appeal is abuse of discretion.  The First Circuit is as likely to reverse any bond imposed in this case as they were in Direct Purchasers.

The issue on appeal in Direct Purchasers is identical to one of the issues presented here – whether attorney's fees should be based upon class counsel's lodestar in a fee-shifting case that results in a settlement fund.  The First Circuit clearly did not find that issue frivolous in Direct Purchasers.  It is even less likely to do so here, where controlling state law provides that "a fair market rate for time reasonably spent preparing and litigating a [93A] case is the basic measure of a reasonable attorney's fee under State law as well as Federal law," Fontaine v. Ebtec Corp., 415 Mass. 309, 326 (1993), and where the district court failed to perform any kind of lodestar cross-check, unlike Judge Young in Direct Purchasers.  See In re Thirteen Appeals, 56 F.3d 295, 307 (1st Cir. 1995)(lodestar still relevant to court's inquiry even under POF method because it illuminates reasonableness of particular percentage).

Here, the district court did not require class counsel to submit information about its lodestar, let alone apply a lodestar cross-check, and class counsel did not do so voluntarily (which in itself raises questions about the excessiveness of the fee request,

since class counsel usually submit lodestar info when it supports their fee petition). Appellant contends that this failure constitutes an abuse of discretion, especially in a 93A case where the lodestar is the presumptively reasonable fee under state and federal law.

Appellant need only show that one of the issues expected to be raised on appeal is non-frivolous in order to defeat a bond motion. Appellant Feldman will raise numerous non-frivolous issues, including the lodestar-crosscheck and whether a court must first make a threshold finding that it is impracticable to distribute settlement funds to the class members before a *cy pres* distribution may be made. See In re Compact Disc Minimum Advertised Price Litig., 2005 U.S. Dist LEXIS 11332 (D. Me. June 10, 2005) (*cy pres* permissible only when court finds that distribution of money to class members is impracticable). In footnote 3 from his CD opinion, Judge Hornby canvassed the caselaw of other federal circuits on the issue of *cy pres*. Notably, he cited no cases from the First Circuit. Plaintiff herself cannot cite one case from the First Circuit in her argument that the *cy pres* distribution is proper. Therefore, this is a case of first impression in this Circuit, and can hardly be characterized as frivolous, since the First Circuit has yet to articulate its rule on when *cy pres* distributions are permissible, and how closely their charitable purposes must be connected to the underlying purposes of the litigation.

Appellant Feldman also drew the district court's attention to the case of Hershenow v. Enterprise Rent-A-Car Co., 445 Mass. 790 (2006), and its implications for the proposed settlement in this case. While it is true that Hershenow did not involve *cy pres*, its implications for the amount of damages suffered by each individual class member relates directly to the *cy pres* issue.

In Hershenow, the SJC held that "a consumer is not … entitled to redress under G.L. c.93A where no loss has occurred." Id. at 802. While the court did not specifically

overrule <u>Leardi v. Brown</u>, 394 Mass. 151 (1988), two of the SJC justices believe that the SJC has in effect done so, and it is difficult to perceive a significant factual distinction between <u>Leardi</u> and <u>Hershenow</u>.

This case was premised on the argument that a violation of the federal Truth in Savings Act is a *per se* violation of G.L. c.93A entitling each and every class member to $25 in statutory damages.  <u>Hershenow</u> means that the entire $12.5 million settlement recovery in this case must be treated as *cy pres*, rather than an aggregation of individual damages to which each class member is entitled.

What this means for the settlement in this case is that there is no longer any reason to limit class members' recoveries to $25, or to be concerned that some account holders who may not be class members may receive some portion of the settlement fund. *No class member* has any entitlement to statutory damages, pursuant to <u>Hershenow</u>, and, accordingly, payment of any amounts to class members must be regarded as a distribution of *cy pres* funds.

Because all payments to class members are in effect *cy pres* payments, and *cy pres* payments may be made to non-class-members, there is no longer any valid objection to paying all of the settlement funds, *pro rata*, to those persons who were mailed individual notice of the class action settlement or who submitted a claim.  In the alternative, because there is no longer any logical reason for capping class member recovery at $25 (which was previously thought to represent each class member's maximum damages under c.93A), the entire fund could be distributed *pro rata* to all of the class members who submitted claims.  The implications of <u>Hershenow</u> for the proposed distribution of the settlement funds has not been considered by this court, and raising this issue on appeal can hardly be deemed frivolous.

### III.   Because Appellant Has Not Requested Stay Of The Final Judgment, A *Supersedeas* Bond Is Not Justified.

Plaintiff has in effect requested a *supersedeas* bond when the Appellant has not sought a stay of this Court's Judgment.  Plaintiffs are requesting security for purely speculative damages that may be caused by a delay in execution of the settlement.  But such speculative delay damages may be secured only by a *supersedeas* bond, and only when the appellants request a stay of the judgment below. U.S. ex rel Terry Inv. v. United Funding, Inc., 800 F. Supp. 879, 880-81, n. 2 (E.D. Cal. 1992); In re: Diet Drugs Prods. Liab. Litig., 2000 U.S. Dist. LEXIS 16085 (E.D. Pa. 2000).  Furthermore, because neither the class nor its attorneys has any right to receive any relief or fees pursuant to the settlement agreement until all appeals are finally resolved, there has not yet arisen a right to the benefits that Plaintiff claims are being delayed.  See Downey v. Mortgage Guaranty Ins. Corp., 313 F.3d 1341,1343 n.6 (11th Cir. 2002)(plaintiffs not entitled to any compensation until conclusion of appeals, so they did not lose any interest to which they were otherwise entitled).

The Eastern District of Pennsylvania defined the kinds of costs that may be included in a Rule 7 cost bond in Diet Drugs: "These costs include printing and producing copies of briefs, appendices, records, court reporter transcripts, … and fees for filing the notice of appeal." Diet Drugs, supra, at *11 (citing cases that have held that attorney's fees are not properly included in a cost bond). The Eastern District of Pennsylvania also characterized Adsani v. Miller, 139 F.3d 67 (2d Cir. 1998), relied upon by the Plaintiff here, as a minority position not followed by most jurisdictions. Id. at *12. "The weight of authority indicates that "costs" under Rule 7 generally do not include attorney's fees."  Id. at *14.

The other case relied upon by Plaintiffs, Sckolnick v. Harlow, 820 F.2d 13 (1st Cir. 1987), has also been implicitly criticized by later cases.  See In re: Starlink Corn Prods. Liab. Litig., 2002 U.S. Dist. LEXIS 13507 (N.D. Ill. 2002)(improper for district court to impose bond based upon prediction of what appeals court might do; criticizing Sckolnick).  It should also be noted that the district court in Sckolnick imposed a bond of only $5000, hardly comparable to the devastating, appeal-ending bond the Plaintiffs request here.  The policy clearly preferred by the First Circuit is to allow the appeal to proceed, and to permit the appellate court to be the final arbiter of the appeal's merits or lack thereof, rather than to preemptively snuff out the appeal by requiring a prohibitive bond.

**IV.     Plaintiff's Personal Attacks On Appellant's Counsel Are Inappropriate And Irrelevant.**

Plaintiff goes to extraordinary lengths to point out an irrelevant and benign fact – that Appellant Feldman is his mother-in-law.  This is hardly surprising, since Appellant Feldman is aware of her son-in-law's area of practice, and routinely makes him aware of legal correspondence she receives from courts regarding class action litigation.  Since there is no ethical rule prohibiting representation of relatives or friends, it is only natural that an attorney's relatives would turn to him or her first when dealing with a legal matter, especially when that attorney specializes in that legal area.

The list of unsuccessful appeals in which Appellant's counsel has participated only serves to illustrate that his clients have never been sanctioned by an appellate court, even in cases in which his clients lost on appeal.  Appellant's counsel, like most appellate attorneys, has lost appeals.  For this Court to grant Plaintiff's bond motion in any amount, however, it would have to find that it is likely that the Court of Appeals for the First

Circuit will be the first appellate court in the country to find that an appeal filed and

prosecuted on behalf of a class member by Appellant's counsel is frivolous, in a case in

which at least one issue of first impression is presented.   The likelihood of that is so

remote, especially in light of the First Circuit's resolution of the bond issue in <u>Direct

Purchasers</u>, that Plaintiff's motion itself borders on frivolous.

   If an appeal is frivolous simply because the standard of review on appeal is abuse

of discretion, then a great deal of the First Circuit's caseload can be summarily disposed

of.  Appellate review is part of the settlement process, as the Settlement Agreement itself

recognizes.

   Granting the bond motion will inevitably result in a further appeal, with the

primary appeal stayed until the bond appeal is resolved.  The ultimate result of Plaintiff's

ill-advised and misguided bond motion would be a multiplication of appellate

proceedings and litigation, and greatly increased delay.  The best way to resolve the

issues raised by Plaintiff's bond motion is to promptly and expeditiously proceed to brief

and argue the appeal.  Indeed, there is no way to resolve the issues raised by the bond

motion short of full briefing and argument of all of the issues to be raised on appeal,

which would consume as much time as the appeal itself.  That is why the First Circuit has

consistently shown a preference for briefing and argument to occur before any

determination is made about an appeal's "frivolousness."  At this point, any conclusion

about that ultimate issue would be pure speculation and conjecture in the absence of legal

citation and reasoning.

**V.      Conclusion**

For the foregoing reasons, Plaintiff's Motion to Require Appellant Feldman to Post Appeal Bond should be denied.


Dated:   August 4, 2006                                            Respectfully submitted,
                                                                   Nancy Feldman,
                                                                   By her attorney,

                                                                   _/s/_*John J. Pentz*_____
                                                                   John J. Pentz, Esq.
                                                                   Class Action Fairness Group
                                                                   2 Clock Tower Place, Suite 260G
                                                                   Maynard, MA  01754
                                                                   Phone: (978) 461-1548
                                                                   Fax: (707) 276-2925


## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on August 4, 2006 the foregoing document was filed electronically using the CM/ECF filing system and that all parties will automatically receive notice of this filing by the CM/ECF electronic mail.


                                                                   /s/_John J. Pentz_____
                                                                   John J. Pentz