UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DEBORAH J. BARNES, on behalf of herself and all others similarly situated,<br><br>                      Plaintiff,<br><br>                      v.<br><br>FLEET NATIONAL BANK and FLEETBOSTON FINANCIAL CORPORATION,<br><br>                      Defendants. | CIVIL ACTION<br>NO. 01 CV 10395 NG |

**MOTION TO ALLOW FLEET TO RECOVER ITS ATTORNEYS' FEES INCURRED IN DEFENDING AND ADMINISTERING THE SETTLEMENT AGREEMENT**

In April 2005, defendants, Fleet National Bank and FleetBoston Financial Corporation (collectively, "Fleet"), and plaintiff, Deborah J. Barnes ("Barnes"), entered into a proposed settlement agreement (the "Settlement Agreement") that provided for a total settlement fund of $12.5 million (the "Settlement Fund"). Between preliminary and final approval of the proposed Settlement Agreement by the Court, the Massachusetts Supreme Judicial Court ("SJC") issued its decision in *Hershenow v. Enterprise Rent-A-Car Co.*, 445 Mass. 790 (2006), which confirmed that the interpretation of Massachusetts law previously advanced by Fleet and adopted by this Court in its summary judgment decision in favor of Fleet was correct. During this period, numerous objections to the settlement were raised, including to the Settlement Agreement's provision that monies remaining in the Settlement Fund after all settlement payments had been made be distributed equally among three designated charities -- the National Consumer Law Center, Greater Boston Legal Services, and City Year National (the "Cy Pres Recipients").

Notwithstanding that the *Hershenow* decision supported Fleet's position on the merits of the underlying case, Fleet participated (with plaintiffs' counsel) in defending the proposed

settlement and the distribution of amounts left in the Settlement Fund after class members were compensated to the three designated Cy Pres Recipients. In so doing, Fleet incurred attorneys' fees, which it hereby seeks to recover from the amount remaining in the Settlement Fund after all required payments to class members ("Claiming Class Members").

Each of the Cy Pres Recipients -- the only parties affected by the relief requested in this motion -- has assented to the relief requested herein. In support of this motion, Fleet attaches hereto as Exhibits A, B, and C letters from each of the Cy Pres Recipients, as well as the Settlement Agreement attached at Exhibit D, and the Affidavit of Richard L. Buttermore, attached as Exhibit E.

## Procedural Background

1. In this lawsuit Ms. Barnes, on behalf of herself and a putative class of similarly situated Fleet customers in Massachusetts, alleged that Fleet violated the Truth in Savings Act, 12 U.S.C. §§ 4301, *et seq.* ("TISA"); implementing Federal Reserve Board Regulation DD, 12 C.F.R. § 230; the Massachusetts Consumer Protection Act, M.G.L. ch. 93A §§ 2, 9 ("Chapter 93A"); and regulations promulgated thereunder, 940 C.M.R. § 3.00, when it sent BankBoston customers who were being changed to Fleet customers (pursuant to a merger) a "change in terms" package in March and April 2000. The complaint sought statutory damages under TISA and Chapter 93A.

2. This Court stayed the class certification issue pending resolution of Fleet's motion for summary judgment. On November 27, 2002, the Court granted Fleet's motion and entered judgment for Fleet. On June 2, 2004, the First Circuit reversed; directed entry of judgment for Barnes on her TISA and Chapter 93A claims; and remanded the case for further proceedings to address class certification and damages. After an extensive arms-length mediation conducted before the Honorable Judith Dein and several months of negotiation thereafter, Ms. Barnes and Fleet executed the proposed Settlement Agreement on April 14, 2005. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit D.

3. On May 9, 2005, this Court issued an order granting plaintiff's Motion for

Preliminary Approval of Class Action Settlement Agreement and provisionally certifying a class. Thereafter, several objectors surfaced, raising various challenges to the proposed Settlement Agreement, including the cy pres provision, which necessitated further briefing and hearings. After briefing and a final approval hearing on November 16, 2005, in which Fleet fully participated, the Court issued an order on December 22, 2005, which finally approved the proposed Settlement Agreement in all respects, save for that portion of Paragraph 3 that designates three charities as Cy Pres Recipients. Citing a conflict of interest with respect to one of them (City Year National), Judge Gertner recused herself as to the issue of whether to approve any of the designated charities as Cy Pres Recipients.

4. On January 3, 2006, the case was assigned to Judge Zobel for the purpose of determining whether to approve the designated Cy Pres Recipients. On January 13, 2006, one of the objectors filed an appeal from the Court's December 22, 2005 approval order. Fleet filed papers in the appeal, and the First Circuit subsequently dismissed the appeal as "premature."

5. On January 17, 2006, prior to the March 15, 2006 hearing on the cy pres issue, the SJC issued its decision in *Hershenow v. Enterprise Rent-A-Car Co.*, 445 Mass. 790 (2006), in which the SJC confirmed the correctness of the interpretation of Massachusetts law previously advanced by Fleet and adopted by this Court in its summary judgment decision in favor of Fleet.

6. On May 22, 2006, after further briefing and a hearing on the cy pres issue, in which Fleet fully participated, submitting a brief and presenting oral argument, Judge Zobel issued an order overruling the objections raised on the cy pres issue, stating that they "do not warrant rejection of this fair and appropriate agreement."

7. On June 14, 2006, the Court entered its Final Judgment and Order of Dismissal.

8. All payments required to be made under the Settlement Agreement have been made: The required payments to Barnes and her counsel have been made, and the settlement checks have been distributed to Claiming Class Members from the Settlement Fund. *See* Affidavit of Richard L. Buttermore, submitted herewith, and attached Exhibit 1 thereto. Deducting all payments required to be made under the Settlement Agreement leaves

$7,005,848.40 in the Settlement Fund. Fleet's costs of administering the Settlement (after the Settlement was preliminarily approved by the Court) total $1,131,799.63. In addition, Fleet incurred attorneys' fees in the amount of $329,578.06 post-settlement. After deducting these and legal administrative expenses, $5,874,048.77 remained in the Settlement Fund and $1,958,016.26 has been distributed to each Cy Pres Recipient.

**Argument**

9. Fleet's attorneys' fees totaling $329,578.06 were incurred primarily in defending the Settlement against the objectors' challenges, which included vigorous attacks on the propriety of the proposed Settlement Agreement's cy pres provision.

10. In the wake of the *Hershenow* decision, it was questionable, at best, whether the proposed settlement remained in Fleet's economic interests. At a minimum, Fleet had no economic interest in incurring additional fees and costs in defending the Settlement Agreement for the benefit of the Cy Pres Recipients. Nevertheless, Fleet defended the Settlement Agreement against the objectors' challenges. The Cy Pres Recipients are the beneficiaries of this work. They are the only parties affected by the relief requested in this motion and they have given their assent, as evidenced by the letters attached hereto as Exhibits A, B, and C. No consumer will be harmed, as Barnes and her attorneys have been paid, as have all Claiming Class Members.

11. Fleet respectfully submits that, in these circumstances, its request to recover its attorneys' fees incurred in defending and administering the Settlement is reasonable and fair.

12. Fleet respectfully submits that Paragraphs 3 and 8 of the Settlement Agreement permit Fleet to be reimbursed from the Settlement Fund of its attorneys' fees incurred in defending the Settlement after it was preliminarily approved by the Court, as well as its fees incurred in dealing with the Settlement Administrator (RSM McGladrey) on numerous issues concerning the administration of the Settlement. *See* Exhibit D at 5-6 (Paragraph 3 of the Settlement Agreement provides that, once all payments required under the Settlement Agreement

have been made, and prior to any cy pres distributions, Fleet is to be "reimbursed [from the Settlement Fund] to the fullest extent possible for the cost of printing, mailing and publishing the Notices and administering the Settlement."). *See also id*. at page 8.

WHEREFORE, Fleet respectfully request that the Court:

(a)   GRANT this Motion;

(b)   ORDER that Fleet be reimbursed from the Settlement Fund attorneys' fees in the amount of $329,578.06; and

(c)   ORDER any other, further relief as may be just and proper.

    Respectfully submitted,

**FLEET NATIONAL BANK and FLEETBOSTON FINANCIAL CORPORATION,**

By their attorneys,

/s/ Rheba Rutkowski
Joseph L. Kociubes, BBO# 276360
Rheba Rutkowski, BBO # 632799
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, MA  02110 (617) 951-8000

*Of Counsel*

Alan S. Kaplinsky
**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
(215) 665-8500

Dated:  February 15, 2007    *Admitted Pro Hac Vice*

-6-

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any indicated as non-registered participants on February 15, 2007.

/s/ Rheba Rutkowski